44          NEW-YORK PRACTICE REPORTS.

Brahe agt. The Pythagoras Association, and four others.

## SUPERIOR COURT.

BRAHE agt. THE PYTHAGORAS ASSOCIATION, and four others.

The superior court of the city of New-York, has no jurisdiction of an action to dissolve a corporation created by the laws of the state of New-York, and distribute its effects among its creditors through a receiver, or to inquire into the validity of its proceedings to elect its officers, or to restore one unlawfully displaced.

Under *sub.* 3 of § 33 of the Code, it has jurisdiction of only those actions in which the corporation is to be proceeded against, and dealt with throughout, as a *subsisting corporation.*

*April Special Term,* 1855.

THIS case came before the court on a demurrer to the complaint. The Pythagoras Association is a corporation under *chapter* 319 *of the Laws of* 1848. The complaint stated the objects and articles of the association, (which articles provided that the contributions made by a member should be refunded to him on being expelled,) what the plaintiff had contributed, his unlawful expulsion, and his right to demand and be paid the sum of $500; that the other defendants improperly managed to procure themselves to be elected trustees—and others to be removed; and also set forth other acts, which, it was claimed, were sufficient to justify a decree dissolving the corporation, and directing its effects to be sold and distributed; and prayed such relief, the payment of the $500, the appointment of a receiver, the removal of the defendants (other than the corporation) from the offices to which they had been elected, and other relief.

The demurrer to the complaint assigned for cause, that several causes of action were improperly united; that the court had no jurisdiction of any of the causes of action, except to recover of the corporation the $500; and that, to such an action, the corporation was the only necessary or proper party defendant.

Brahe agt. The Pythagoras Association, and four others.

H. S. Dodge, *for defendants.*
A. L. Robertson, *for plaintiff.*

Bosworth, Justice.—Unless this court has jurisdiction of an action or proceeding to dissolve a corporation created by the laws of this state, and distribute its effects among its creditors, through a receiver, or to inquire into the validity of its proceedings to elect its officers, and to restore one unlawfully displaced, there is a misjoinder of causes of action and of parties.

To an action against a corporation, to recover of it a mere money demand, its officers are neither necessary nor proper parties.

It is not pretended that this court, prior to the Code, had jurisdiction of any visitorial powers over a corporation, or of any proceedings instituted to obtain a decree dissolving it, and distributing its effects. Such powers could only be exercised by, and such proceedings could be had only in, the court of chancery. (2 R. S., 462 to 472.)

Under the present constitution and the judiciary acts of 1847, the supreme court was vested with the general powers and jurisdiction previously possessed and exercised by the court of chancery. There is no law conferring any such jurisdiction and powers upon this court, unless they are granted by *sub.* 3 of § 33 of the Code. Reading that so as to make its terms confer the most extensive jurisdiction which they are capable of granting, it gives this court jurisdiction of *all actions* against a domestic corporation, "upon any cause of action arising therein;" that is, in this state.

These terms are not more comprehensive than those of section 427, which declares, that an action against a foreign corporation may be brought in this court, "by a resident of this state, for any cause of action."

I think section 33 includes only such actions as are or may be brought to enforce or protect some right, or redress or prevent some wrong; and as are brought in only those cases in

which the corporation is to be proceeded against, and dealt with throughout, as a *subsisting corporation.*

If these views are correct, the only cause of action stated in the complaint, on which the plaintiff can have relief in this court, is the one on which he bases his claim to recover from the corporation the sum of $500. To an action upon such a cause of action, the corporation is the only proper party. I think the demurrer is well taken. The plaintiff may amend his complaint on payment of costs.